EDWARD KELLUMS *v*. STATE OF INDIANA.

[No. 569S104. Filed March 5, 1971. Rehearing denied April 1, 1971.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—The appellant was charged by affidavit with the crimes of Assault and Battery with Intent to Kill and Violation of the 1935 Firearms Act, and convicted as charged.

The affidavit charges the appellant with attempting to kill his ex-wife, Pauline Kellums, after she had returned home from work to her mobile home. The stories of each of the parties vary as to how the shooting occurred. Mrs. Kellums contends that when she opened the door she saw the appellant sitting in her home and she turned and ran. He grabbed her and shot her. The appellant contends that his ex-wife attempted to kill him and drew a gun and that as he grabbed the gun it was accidentally discharged and she was shot. Mrs. Kellums was taken to the Community Hospital where she was operated on and the bullet removed by a doctor, who gave it, according to the testimony, to Mrs. Kellums while she was in the hospital. Shortly after the shooting a police officer arrested the appellant when he ran a red light and also arrested him for drunken driving. At the time the officer made the arrest he got a message over the police radio describing a car which had been driven away from the scene of the shooting. The car matched the defendant's, and the officer searched the defendant and took a gun from him, which was introduced as State's Exhibit 2. Ballistics tests revealed that the bullet alleged to have been removed from Mrs. Kellums was fired from the gun taken from the appellant at the time of his arrest.

Appellant makes two main contentions: First, that the bullet marked Exhibit 1 was improperly admitted into evidence, and that the gun, marked Exhibit 2, was also improperly admitted into the evidence. The argument is made that there was not proper identification of either of these exhibits.

It is first argued that the only testimony that the bullet in question was removed from Mrs. Kellums is hearsay testi-

mony. The transcript shows the following question and answer:

> "Q. Mrs. Kellums, I hand you what has been marked State's Exhibit Number One, can you identify this for me?
> "A. Yes, sir, that is the same bullet that the doctor removed from me."

No objection was made to this question and answer, but rather when the exhibit was offered in evidence, objection was made that it was based on hearsay.

The question and answer of Mrs. Kellums, who identified the bullet, does not reveal what the basis of her knowledge was, whether direct knowledge or hearsay knowledge, and we need not speculate with reference to that matter, since no objection was made to the question and answer in her case. The appellant could have objected to the question at the time on the ground that he desired to find out by preliminary questioning the basis of Mrs. Kellums' information in order to make a proper objection. This was not done.

In addition, it does not appear to us that the introduction of this bullet was prejudicial, since the evidence shows without question that Mrs. Kellums was shot with a bullet. Whether it was this particular bullet or any other bullet would not make any difference with reference to the commission of the crime. The appellant himself admits she was shot in what he claims was a scuffle between the two. The appellant admits that he took the gun and ran with it after the shooting. The evidence is undisputed that shortly thereafter he was arrested with the same gun. There is no question that the bullet, Exhibit 1, was shot from the gun found in the possession of the appellant. The ballistics expert so testified. The most that can be said is that the bullet (Exhibit 1) was cumulative evidence, and the error, if it were an error, was harmless. *Temple et al.* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850; 9 I.L.E., *Criminal Law* § 758.

It is conceded that the gun taken from the appellant (State's Exhibit 2) was admissible under Count Two, charging a violation of the 1935 Firearms Act, but it is contended it had no connection with the shooting or intent to shoot the victim, Mrs. Kellums. With this we do not agree. The appellant himself, when he took the stand, referred to the gun involved in the shooting, with which he fled when he left the scene and which he had when he was arrested shortly thereafter. When the appellant took the stand he made no denial that Exhibit 2 (the gun) was not the gun involved in the shooting.

For the reasons stated the judgment is affirmed.

Givan, Prentice and DeBruler, JJ., concur; Hunter, J., concurs in result.

NOTE.—Reported in 267 N. E. 2d 61.